# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 15, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

146184 & (56)

CITY OF GIBRALTAR, CITY OF
WOODHAVEN, and CHARTER TOWNSHIP
OF BROWNSTOWN,
              Plaintiffs-Appellees,

v

                                                                SC: 146184
                                                                COA: 304247
                                                                Wayne CC: 10-014908-AW

CITY OF FLAT ROCK,
              Defendant-Appellant,

and

SOUTH HURON VALLEY UTILITY
AUTHORITY,
              Defendant-Appellee.

_____/

On order of the Court, the motion to supplement the record is GRANTED. The application for leave to appeal the October 9, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*dissenting*).

I respectfully dissent from the Court's decision to deny the application for leave to appeal. I believe the issue presented in this case—whether, in these circumstances, a state court may issue the extraordinary remedy of a writ of mandamus to compel a member of an administrative body to vote in a particular manner—is of great importance to this state and warrants the Court's full attention. Of particular concern is the Court of Appeals holding that the city of Flat Rock, a constituent member of the South Huron Valley Utility Authority (SHVUA), had a clear legal duty to vote in favor of certain construction contracts and bond sales because the SHVUA had entered into an agreement with the Michigan Department of Environmental Quality to approve those contracts by a future date certain. However, that agreement expressly provided that approval would be

achieved "consistent with the provisions of Article IX of the SHVUA Articles of Incorporation," which require unanimous approval of such proposals. I agree with the Court of Appeals dissent that reading the unanimity requirement as imposing a duty on minority members to vote in a certain manner effectively nullifies the unanimity provision of the articles of incorporation.[1] I believe the Court of Appeals decision raises important separation of powers issues, and I would grant leave to appeal to examine the propriety of the Court of Appeals judgment.

---

[1] *City of Gibraltar v City of Flat Rock*, unpublished opinion per curiam of the Court of Appeals, issued October 9, 2012 (Docket No. 304247), p 11 (BOONSTRA, J., dissenting).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 15, 2013



s1112

Clerk